### PORTER v. PORTER.

Circuit Court, Monroe County.
April 23, 1947.

Joseph McDowell Whitson, Key West, for plaintiff.

Dr. J. Yates Porter, Jr., Key West, defendant, in propria persona, and W. Curry Harris, Key West, for defendant.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard before me on motion of the defendant, J. Yates Porter, Jr., to modify the final decree in certain respects.

This proceeding was initiated on July 2, 1940 when the plaintiff wife, Mamie B. Porter, filed a bill for separate maintenance. The suit resulted in a final decree made by the Hon. Paul D. Barns on March 22, 1941, recorded March 24, 1941 in chancery order book M, page 463, in the office of the clerk of the circuit court in Monroe County.

In the final decree the wife was found to be entitled to an order for permanent alimony unconnected with divorce. The decree provided for payment of $100 a month to the wife, and found that "the same is hereby adjudged to be reasonable, and the sum to be paid by defendant to the plaintiff, as permanent alimony."

In addition to the monetary allowance, the decree gave the wife the right to occupy the residence premises which had been the homestead of the parties, and the defendant husband was required to keep the home property insured and to pay the taxes thereon, and "to provide reasonable monies for its upkeep, maintenance and preservation."

In paragraph 7 of the decree it was recited that the plaintiff, Mamie B. Porter, was the owner of certain property known as "the hospital", that said property was being used by the defendant (a doctor) as an office and hospital in the conduct of his profession, and it was ordered that the defendant should continue to use and occupy said property "in connection with his business and profession", but upon the condition that defendant "maintain and keep the said hospital property in good order and condition," and keep it insured for its full insurable value for the benefit of the plaintiff, and pay the taxes thereon.

The defendant's petition for modification dated August 12, 1946, filed by him without counsel, shows that defendant is no longer using the hospital property in connection with his profession; that the same now is in the status of rental property, with a gross rental of $1,500 a year; and defendant seeks an order of court relieving him of further obligation to maintain the hospital property, and from payment of the stated amount of $100 per month alimony—upon his surrendering the hospital property to the plaintiff.

On the same day the defendant, J. Yates Porter, Jr., acting as his own attorney, filed a written motion for disqualification of the Hon. Paul D. Barns, the judge who had signed the final decree, which motion was based on an alleged mis-statement of fact in the decree (which fact is not pointed out or identified). Also, in said motion there is contained an unsupported statement that the defendant "believes and has knowledge and proof that the Hon. Paul D. Barns is hostile and vindictive towards him". Before action was taken on said petition and on November 26, 1946, another petition for modification of the final decree was filed by the defendant, through counsel, addressed to the Hon. Aquilino Lopez, judge of the above styled court in Key West. Said petition sought the same relief, and in addition sought relief from the payment of taxes, insurance and upkeep on the home property. Failing health of the defendant and his reduced income and inability to practice medicine were assigned as reasons in the petition, together with the explanation that the hospital property was no longer used by him and that as rental property it provided a net income of $1,200 a year.

On January 28, 1947, after the Hon. Paul D. Barns was no longer a member of this court, the then senior circuit judge, the Hon. Ross Williams, assigned this cause to be heard by

Judge Stanley Milledge, and thereafter on January 31, 1947, Judge Milledge made an order recusing himself, and on that same date an order was made by Judge Williams transferring this cause to the undersigned for hearing and determination.

The parties appeared before me and presented evidence, at hearings in Miami and in Key West.

During the period of these hearings, the plaintiff wife filed an answer to the petition claiming that the homestead property had not been kept in good repair, or insured as required; setting forth certain averments respecting the financial status of the defendant husband; asking, as affirmative relief that the defendant be required to account to the plaintiff for the rentals which he received from the hospital building from 1942 (when he ceased to use it as his professional office) to the present date. The plaintiff's answer to the petition included a prayer for possession of the hospital property and that defendant be required to place it in good order and repair, and sought suit money, including attorney's fees.

Based on the pleadings and the evidence presented this court finds and concludes as follows:

The necessities of the plaintiff wife, as they appeared at the time of the decree, are not changed in any material respect. She is receiving the benefit of the homestead property as a place in which to reside, but she does not have any separate income or property (other than the hospital property) with or from which she could maintain herself. There was evidence regarding some money she had earned as a nurse during the past year. She is not a registered nurse, and her nursing experience has been limited, and she does not appear to be qualified to earn her living; nor does it seem that the final decree contemplated that the wife was self supporting or should go into business to support herself. On the other hand, there was no showing made before me that the wife, in addition to being provided with the home, is now in need of more than the $100 monthly cash alimony which the final decree provided for her support.

The situation relating to the husband has changed materially since the decree. Although his financial worth is substantially the same now as it was then, the difference is reflected in his present lack of earning capacity.

Considerable of the testimony concerned the present financial status of the husband. In view of the ultimate showing that his assets or worth, aside from his earning capacity, at this time are substantially the same as at the time of the decree, it is not considered necessary to discuss the details thereof. His worth is sufficient for him to comply with the decree and this order without any undue hardship.

The change in the husband's condition resulting from his loss of earning capacity is, however, sufficient to constitute a substantial consideration. At the time of the decree the defendant husband was a practicing physician and surgeon in Key West, with a substantial income commensurate with the position which his proficiency and a practice of long standing gave him in Key West.

Due to certain physical infirmities which have overtaken him, and particularly to impairment of his eyesight which might be classified as partial blindness, the doctor is no longer able to engage in the practice of his profession, and has not done so for about a year. He has performed limited medical services for a few former patients, in isolated instances, but the record discloses that in place of the substantial income previously derived from the practice of his profession the most that the doctor can expect now from that source is around $400 a year, if that.

Defendant husband has made no showing which could properly justify a modification of the final decree to relieve him of the provision which requires him to pay for the taxes, insurance and repairs on the residence or homestead property which the wife occupies. Paragraph 8 of the final decree makes it clear that the court in arriving at the amount of $100 a month cash alimony for the plaintiff did not expect her to assume the burden of maintenance of the home property and expressly ordered that all such expenses in connection with the home property be paid by the defendant. The performance of that obligation by defendant is necessary in order that the plaintiff may continue to receive the use and benefit of the home, and at least on the showing made to date such obligation of the husband will continue and the decree will not be amended to eliminate the same.

As determined in the final decree, the plaintiff wife owned the hospital property. That property was producing no direct income, as it had been and still was being used by the doctor

in his profession. It will be noted that under the final decree the doctor continued to receive the benefit of the use of the hospital property for his medical practice, and all that was allowed to the wife in cash alimony was the sum of $100 per month. In 1942 the doctor moved his office to a location further downtown, and he converted the hospital building into apartments at a cost of between $1,500 and $2,000. The building then produced a gross rental of $125 a month and is still producing that figure. On an average it has produced a net income of $100 per month, and it is producing that amount at this time.

The husband offered to return the hospital property to the wife last summer provided she accept the same and the rents therefrom in lieu of cash alimony in the future. Upon the wife's refusal to accede thereto, the husband ceased making the cash payments to her and she is now entitled to such payments for August, 1946, and subsequent months. The net rentals from the hospital property for that period were held by an agent of the husband until a certain stage of this proceeding when it was directed that the rents on hand be paid into the registry of the court. The record at the present time does not show exactly how much the net rentals have been, beginning with last August, and whether they amount fully to $100 per month since that time.

Questions have arisen with reference to the return of the hospital property to the plaintiff wife. These are (1) a claim by the wife that the husband should account to her for the net revenues received from the property since he ceased to use it as his office in 1942 (in addition to the alimony which he has paid since that time), and (2) that under the husband's obligation for upkeep of the premises certain extensive repairs should be made by him at this time.

The first of those propositions, the claim for accounting for rents received since 1942, is hereby denied. At the time that the husband moved his professional office to another location in 1942 the wife had knowledge of it, and she knew about the converting of the building for use of tenants, yet she sat by and raised no question and made no demand for return of the property to her nor did she at any time ask to be permitted to take over its management or to receive the rents. It is only reasonable to assume that if the wife had made an early and timely demand for the return of the building to her after

it was changed to apartments, and the same had been turned over to her, producing for her a net income of $100 a month, she would then not have been entitled to a continuance of alimony payments doubling in effect the amount provided for her under the final decree—without a showing of additional necessity for such increased amounts.

As the husband, without objection along the line by the wife, was permitted to receive the benefit of the rentals from the property from 1942, he cannot claim or charge against the wife the amounts he expended on the property in making it suitable for occupancy as apartments.

The husband's obligation for upkeep of the hospital property was definite under the decree. The actual wording of the decree was—"but as a condition for said use the said defendant is required, ordered and directed to maintain and keep the said hospital property in good order and condition and to insure the same", etc. From the evidence before me respecting the building, it is found that the husband has not complied fully with the requirement to keep the property in good order and condition. A witness produced on behalf of the wife testified that it would cost in excess of $5,000 to place the building in first class repair and condition at the present time. A witness produced by the husband estimated that the cost of necessary repair would be about $350. It is felt that the evidence of the plaintiff's witness covered certain types of renovation or repairs beyond that which the decree has required of the husband in this connection. On the other hand the estimate of the defendant's witness falls substantially short of specifying needed work as disclosed by the evidence available.

Both parties assume and understand that this hospital property is to be turned over to the plaintiff wife, and it is the view of this court that the possession and control of the property (subject to the existing leases) should be delivered to the wife forthwith so that she will be in control and management of the property, but that the husband should, within a reasonable time, cause to be made such repairs as are necessary to square with his duty in that respect under the final decree. The husband's obligation to maintain the premises in good repair certainly requires that it be in good condition and repair when it is returned to the plaintiff wife, and when so repaired by the husband as herein provided and within a reasonable time from the date of this decree, the liability of the husband

for any further repairs or upkeep of the hospital building, of course, will no longer exist and likewise there will be no duty to pay taxes and insurance thereon (the record discloses that said last mentioned items are currently paid up).

The evidence as to the cost of such repairs is too divergent, and the basis for the estimates are not sufficiently full or clear for this court to order the husband to pay any given sum to the wife with which she could cause the repairs to be made. It therefore seems more practical to order that the husband shall place the premises in a good state of repair, within a reasonable time, and that if the extent of the repairs made by the husband shall not be considered by the wife as sufficient under his obligation as set forth in the final decree then further application can be made to require additional repairs then claimed to be still necessary, and a further determination can be made thereon by the court.

In requiring the wife to receive and accept the net rentals from the hospital building, of approximately $100 a month, in place of that amount as ordered to be paid to her monthly, as alimony by the defendant, this court is proceeding on the assumption that such revenue from the property will continue to be received by the wife. In the event the property fails to produce that revenue in the future, or if for some reason the custody and control of such property by the wife should not result in her being able to derive such sum, or substantially such sum or income therefrom, then that fact would represent a change in her condition which would justify application to the court for relief by order for alimony accordingly.

Whereupon, it is ordered, adjudged and decreed, as follows:

That the defendant pay to the plaintiff forthwith and without any undue delay the unpaid arrears of alimony—$100 a month for the months beginning with August, 1946, to date.

That based on plaintiff's petition and application for an order requiring defendant to pay attorney's fees for the services of her attorney in this proceeding, it is ordered that the defendant pay to the plaintiff, or to Joseph McD. Whitson, her attorney of record for her benefit, the sum of $300 for his services in representing her in contesting and resisting this application of the defendant husband for modification of the final decree; and the defendant is ordered to pay the costs of this proceeding.

That the clerk of the court is hereby authorized to pay over to the defendant, or to his attorney of record the monies paid into the registry of the court during this proceeding under the orders of the undersigned judge, when there shall have been filed in this cause, by or on behalf of the defendant, receipts showing payment by him of the delinquent alimony as hereinabove ordered to be paid and the plaintiff's attorney's fee above allowed and the other costs as the same shall be taxed herein.

That the plaintiff Mamie B. Porter be, and she hereby is, awarded possession and control of the hospital property (subject to the existing leases on the apartments therein) and the right to manage and collect and retain all the income from her said property; and the right or privilege of possession and use of said premises for professional purposes granted to the defendant husband in the final decree is hereby terminated.

That the defendant be, and he hereby is, required and directed to cause the said "hospital property" to be placed in good condition of repair within sixty days from the date of this order, and to pay the cost thereof.

That the defendant is hereby relieved, until further order of this court, of the requirement in the final decree that he pay $100 a month cash alimony to the plaintiff wife.